1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6

7    KLAUS BIESENBACH,                          Case No. 25-cv-01277-TLT
8                     Plaintiff,
                                                **ORDER DENYING PETITIONER'S**
9         v.                                    **APPLICATION TO PROCEED IN**
                                                **FORMA PAUPERIS AND DISMISSING**
10   CITY AND COUNTY OF SAN                      **CASE**
     FRANCISCO, et al.,
11                                              Re: Dkt. No. 3
                      Defendants.
12

13          Petitioner Klaus Biensenbach submits this petition for writ of mandamus to compel

14   Respondent City and County of San Francisco ("CCSF") to report all cybersecurity incidents to

15   Respondents Transportation Security Administration ("TSA"), Department of Homeland Security

16   ("DHS"), and the Cybersecurity and Infrastructure Security Agency ("CISA").  The petition

17   further requests that the Department of Homeland Security Office of Inspector General ("DHS

18   OIG") assume oversight over cybersecurity compliance at San Francisco International Airport

19   ("SFO").  ECF 1, at 2.

20          Petitioner also filed an application to proceed *in forma pauperis* ("IFP").  ECF 3.   For the

21   reasons set forth below, the Court **DENIES** Petitioner's application and dismisses the case

22   pursuant to 28 U.S.C. § 1915(e)(2)(B).

23   **I.    BACKGROUND**

24          Petitioner filed a complaint against Respondents on February 6, 2025.  ECF 1.  Petitioner

25   alleges that he was the target of cyberattacks while connected to SFO's public Wi-Fi and aboard a

26   flight.  ECF 1, at 2.  On January 9, 2025, Petitioner attempted to report the cybersecurity breach to

27   the San Francisco Police Department, but Petitioner was not permitted to file the report.  *Id.*

28

Petitioner asserts five requests for relief: (1) that Respondent CCSF report all cybersecurity incidents to the other Respondents; (2) that DHS OIG assume oversight over cybersecurity compliance at SFO; (3) that the Court order TSA and DHS to investigate cybersecurity failures affecting in-flight Wi-Fi and public airport Wi-Fi; (4) that the Court require CCSF and United Airlines to implement corrective security measures; and (5) that the Court recognize Petitioner as a victim of the Office of Personnel Management ("OPM") data breach and investigate whether the targeting of Petitioner is linked to unauthorized use of stolen government personnel records. ECF 1, at 3–4. Petitioner additionally cites three legal violations (1) violation of 6 C.F.R. § 226.3; (2) violation of TSA Security Directive 1542-21-01; and (3) 49 U.S.C. § 44903. *Id.* at 3.

## II.    LEGAL STANDARD

The Court may authorize a petitioner to file an action in federal court without prepayment of fees or security if the petitioner submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Even with a showing that the individual's inability to pay or to give security for fees, a court may deny the application if it determines at the outset "from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). The court shall dismiss the case at any time if the court determines that the action or appeal (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "[T]he privilege of proceeding in forma pauperis is a matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

## III.    DISCUSSION

### A.    Petitioner's Inability to Pay

Petitioner has demonstrated that he is unable to pay the filing fee based on the information he provided in his *in forma pauperis* application. *See* ECF 3. A review of the cases filed by Petitioner in this Court indicate that this *in forma pauperis* is consistent with the information in his

1  other applications.  *See Biesenbach v. DOE*, No. 23-cv-02351-HSG, ECF 2; *Biesenbach v.*

2  *Velasquez*, No. 24-cv-02382-WHO, ECF 2.

3      **B.    Merits of Petitioner's Claims**

4      Although the Court determines that Petitioner cannot pay the filing fee, the Court now

5  addresses Petitioner's requested relief pursuant to 28 U.S.C. section 1915(e)(2)(i) to determine if

6  the claims are frivolous.

7      Federal district courts are without power to issue mandamus to direct state official in the

8  performance of their duties.  *See Fox v. City of Pasadena*, 78 F.2d 948 (9th Cir. 1935) (holding

9  that federal district courts have no jurisdiction to issue a writ of mandamus to compel city officers

10  to perform their duties); *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts

11  have no general power to compel action by state officials . . ."); *Gougher v. Mnuchin*, 19-cv-

12  07217-YGR, 2020 WL 1914889, at *2 (N.D. Cal. Apr. 20, 2020) (finding that a writ of mandamus

13  to compel a state court or "other state officials" to take or refrain from some action is "frivolous as

14  a matter of law"); *Shapiro v. Santa Clara Cnty. Sup. Ct.*, 07-cv-5049-MJJ, 2007 WL 3146541, at

15  *1 (N.D. Cal. 2007) (same).

16      The federal mandamus statute provides that have "[t]he district courts shall have original

17  jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

18  United States or any agency thereof to perform a duty owed to the [petitioner]."  28 U.S.C. § 1361.

19  Mandamus relief is "available only if (1) the claim is clear and certain; (2) the official's or

20  agency's duty is nondiscretionary, ministerial and so plainly prescribed as to be free from doubt;

21  and (3) no other adequate remedy is available."  *Agua Caliente Tribe v. Sweeney*, 932 F.3d 1207,

22  1216 (9th Cir. 2019).

23      Petitioner's first and fourth requests are frivolous because a writ of mandamus that seeks to

24  compel a state official to act is "frivolous as a matter of law."  *See Gougher*, 2020 WL 1914889, at

25  *2 (finding that a writ of mandamus that seeks to compel action by state officials is frivolous).

26  Petitioner first requests that the Court direct state officials, CCSF, to perform their duties, which is

27  outside of the scope of powers of the district court.  *Id.*  The Court does not have the authority to

28  direct CCSF to act.  *Id.*  Second, because the federal mandamus statute only reaches federal

United States District Court
Northern District of California

1  officers and employees, mandamus is not available to compel United Airlines, a private company,

2  to act.  *See* 28 U.S.C. § 1361 ("The district court shall have original jurisdiction of any action in

3  the nature of mandamus to compel an officer or employee of the United States or any agency

4  thereof to perform a duty owed to the plaintiff.").  Neither request for relief, therefore, is

5  permissible.

6  Federal mandamus relief is also unavailable as to Petitioner's requests that DHS OIG

7  assume oversight of cybersecurity at SFO, and that TSA and DHS investigate cybersecurity

8  failures.  Here, Petitioner does not state what duty these agencies owe him, and therefore fails to

9  establish that DHS OIG, TSA, or DHS owe him any duty under the law, as required under 28

10  U.S.C. § 1361.  As a result, these claims are not "clear and certain," and mandamus relief is

11  unavailable.  *See Agua Caliente Tribe*, 932 F.3d at 1216 (permitting mandamus relief only if the

12  claim is clear and certain).

13  Furthermore, Petitioner requests that the Court recognize Petitioner as a victim of the OPM

14  data breach and investigate whether the targeting of Petitioner is linked to unauthorized use of

15  stolen government records.  ECF 1, at 3–4.  This request is also not clear and certain because

16  Petitioner does not state to whom he wishes to compel or what duty is owed to Petitioner.  *See* 28

17  U.S.C. § 1361 (stating that district courts have jurisdiction to compel a federal officer to perform a

18  "duty owed" to the plaintiff).  Mandamus relief is therefore inappropriate.

19  Finally, although Petitioner references various legal violations, he does not treat them as

20  separate causes of action from the above requests for relief, and the Court need not reach them.

21  Accordingly, Petitioner's petition for mandamus relief is frivolous, and the Court must

22  dismiss the action.  *See* 28 U.S.C. § 1915(e)(2)(B).

23

24  //

25

26  //

27

28  //

4

## IV.    CONCLUSION

The Court **DENIES** Petitioner's application to proceed *in forma pauperis* because it finds that Petitioner's underlying case is frivolous.  The Court dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Clerk of the Court is ordered to close the case.

This Order terminates ECF 3.

**IT IS SO ORDERED.**

Dated: February 20, 2025

TRINA L. THOMPSON
United States District Judge